# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HAZEL DAVION,** | Civ. No. 19-1116 (KM) |
| Plaintiff, | |
| v. | **OPINION** |
| **COMMISIONER OF SOCIAL SECURITY,** | |
| Defendant. | |

**KEVIN MCNULTY, U.S.D.J.:**

      This matter arises from Plaintiff Hazel Davion's appeal of the denial of her application for Disability Insurance Benefits. On November 10, 2020, the Court granted Davion's appeal and remanded the matter to an Administrative Law Judge ("ALJ") for a new decision. In the Opinion, I explained that the ALJ failed to consider all of plaintiff's severe impairments, or those impairments combined, in his listing analysis, and failed to resolve contradictions in the record with respect to his Residual Functional Capacity determination. (DE 25 at 10-12).[1] On appeal, Davion argued that the ALJ also erred in failing to consider that she was approaching a higher age category. (DE 20 at 32-33). Because the matter was being remanded, I stated in the November 10 Opinion that the ALJ's reanalysis should consider whether the use of a higher age category would have resulted in a finding of "disabled" instead of "not disabled." (DE 25 at 12).

---

[1] Citations to the record will be abbreviated as follows. Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

    "DE" = Docket entry number in this case.
    "Tr" = Administrative Record filings (DE 7)

The Commissioner of Social Security now seeks reconsideration "for the limited purpose of removing language that the ALJ was required to consider Plaintiff's case as a borderline age situation."[2] (DE 28 at 2). The Commissioner does not otherwise ask that the Court change its judgment or the Opinion's underlying reasoning. (*Id.*).

For the reasons provided herein, I will grant the motion.

## I.    Summary

I write primarily for the parties and assume familiarity with the facts. I recount only those facts most pertinent to this motion.

Davion filed for Disability Insurance Benefits on July 9, 2015. (Tr. 189-90). In her application, Plaintiff alleged that her disability began on September 21, 2012. (Tr. 189). Plaintiff had "acquired sufficient quarters of coverage to remain insured through December 31, 2017," the "date last insured." (Tr. 12). Plaintiff was required to establish disability on or before that date to be entitled to a period of disability and DIB. (*Id.*).

Plaintiff's claim was denied initially and upon reconsideration on February 22, 2016. (Tr. 107, 114). Plaintiff then requested a hearing which was held on December 4, 2017. (Tr. 12). On March 14, 2018, the ALJ concluded that plaintiff "was not under a disability within the meaning of the Social Security Act from September 21, 2012, through the date last insured." (Tr. 12.) The Appeals Council declined to review the ALJ's decision, which became the final agency determination. (Tr. 1). On November 10, 2020, this Court reversed and remanded the matter for a new decision. (DE 25 at 13).

On appeal, Plaintiff argued, *inter alia*, that the ALJ erred in failing to consider that she was approaching a higher age category. (DE 20 at 32-33). Plaintiff submitted that she "was in her 55th year," but not yet age 55, "on the date of expiration of insured status and less than 4 months after the decision

---

[2]   The Commissioner filed a brief in support of the motion for reconsideration under Local Civil Rule 7.1(i). However, the Commissioner did not file a notice of motion and no such motion was docketed. Because Plaintiff responded to the purported motion, I will consider the merits of the Commissioner's position despite the procedural defects.

was issued." (DE 20 at 32). Therefore, argued Plaintiff, "[t]he ALJ was aware that on July 6, 2018 [she] would celebrate her 55th birthday and thus was entirely able to award benefits as of the [date last insured] using the higher age category seven months before [her] 55th birthday." (DE 20 at 32-33). Because the matter was to be remanded in any event, I concluded that the ALJ should analyze whether Plaintiff's age constituted a borderline age situation and whether the use of a higher age category would have resulted in a finding of "disabled" instead of "not disabled." (DE 25 at 12). The Commissioner now seeks reconsideration of that limited portion of the Court's holding.

## II. Discussion

### a. Legal standard

In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). A party seeking to persuade the court that reconsideration is appropriate bears the burden of demonstrating one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted); *see also Crisdon v. N.J. Dep't of Educ.*, 464 F. App'x 47, 49 (3d Cir. 2012) ("The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence.") (internal citation omitted). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014).

### b. The Commissioner's Motion for Reconsideration

The Commissioner submits that the "Court erred as a matter of law by stating that the ALJ should have considered Plaintiff's case as a borderline age

situation because Plaintiff 'was within six months of a higher age category **from the date of adjudication**." (DE 28 at 2 (quoting DE 25 at 12)). The relevant date, the Commissioner submits, was the Plaintiff's date last insured. (*Id.*). Plaintiff contends that granting or denying reconsideration will not change the outcome of the case. (DE 31 at 2). Further, Plaintiff submits that what the Commissioner seeks "is an admission by the Court that it 'misspoke' in utilizing the phrase 'from the date of adjudication," which "merits no determined opposition from [her] because it changes absolutely nothing." (*Id.*). Nevertheless, Plaintiff recommends the Court issue a "blanket denial" of the Commissioner's motion. (*Id.*)

In the Opinion, I relied on the Hearing, Appeals, and Litigation Law Manual (HALLEX) 1-2-2-42(B), 2016 WL 1167001 (Mar. 25 2016) in assessing whether a borderline age situation may be present. In particular, I stated that the Commissioner employs a two-part test to determine a borderline age situation that may warrant use of the higher age category: (1) "Is the claimant's age within a few days or a few months of the next higher age category" and (2) "Will the higher age category result in a decision of 'disabled' instead of 'not disabled.'" HALLEX, 2016 WL 1167001 at *1. "If the answer to one or both parts of the test is 'no,' a borderline age situation either does not exist or would not affect the outcome of the decision." *Id.* In such instance, the ALJ will use the claimant's chronological age. *Id.* However, if the answer to both questions is "yes," then "a borderline age situation exists, and the ALJ must decide whether it is more appropriate to use the claimant's chronological age or the higher age category." *Id.*

While the phrase "within a few days or a few months" is not defined, the Commissioner "generally" considers it "to mean a period not to exceed six

months." *Id.* I relied on the following portion of the HALLEX in concluding that a borderline age situation may be present:

> To decide the first part of the test, ALJs will assess whether the claimant reaches or will reach the next higher age category within a few days to a few months after the:
>
> • Date of adjudication;
> • Date last insured;
> • End of disabled widow(er)'s benefit prescribed period;
> • End of child disability re-entitlement period; or
> • Date of cessation of disability.

*Id.* Plaintiff turned 55 more than six months after the date last insured and four months after the date of adjudication. (DE 20 at 32). Based on the language in the HALLEX, I determined that a borderline situation *may* be present because Plaintiff turned 55 within six months of the date of adjudication.

The Commissioner submits that the relevant date for purposes of considering Plaintiff's was her date last insured, December 31, 2017. (DE 28 at 3). The Commissioner relies on Social Security Ruling 83-10, *Titles II & XVI: Determining Capability to Do Other Work – The Medical-Vocational Rules of Appendix 2*, 1983 WL 31251, at *8 (Jan. 1 1983). In pertinent part, that Ruling provides:

> The regulations provide that older age is an increasingly adverse vocational factor for persons with severe impairments. The chronological ages 45, 50, 55 and 60 may be critical to a decision. However, the regulations also provide that age categories are not applied mechanically in borderline situations. For example, a rule for an individual of advanced age (55 or older) could be found applicable, in some circumstances, to an individual whose chronological age is 54 years and 11 months (closely approaching advanced age). No fixed guidelines as to when a borderline situation exists are provided since such guidelines would themselves reflect a mechanical approach.
>
> Under title II, a period of disability cannot begin after a worker's disability insured status has expired. *When the person last met the insured status requirement before the date of adjudication, the oldest age to be considered is the person's age at the date last*

> *insured. In these situations, the person's age at the time of decisionmaking is immaterial.*

1983 WL 31251 at *8 (emphasis added).

The Commissioner also cites the Program Operations Manual (POMS), SSA POMS DI 25501.410 *Established Onset Date (EOD) and Borderline Age*. That manual uses the same language as the HALLEX:

> In borderline age allowance determinations and decisions, establish the EOD on the latest date that allows the claim. This date must be one of the following:
> - the date of adjudication,
> - the date last insured (DLI),
> - the date that ends a disabled widow(er) benefits (DWB) prescribed period, or
> - the last date of a childhood disability benefit (CDB) re-entitlement period.

However, the POMS also provides a clarification:

> When a borderline age allowance determination relies on application of the next higher age category, use the following table to determine EOD.

| If the date when age is material to the allowance is… | … then EOD is… |
|---|---|
| date of adjudication | date of adjudication |
| DLI | DLI |
| end of DWB prescribed period | end of DWB prescribed period |
| last date of CDB re-entitlement period | last date of CDB re-entitlement period |

The Commissioner submits that because the date when age is material to allowance for Disability Insurance Benefits is the date last insured, that date operates as the established onset date. (DE 28 at 4). *See also Kappler v. Com'r of Soc. Sec.*, No. 08-5251, 2010 WL 503033, at *6 (D.N.J. Feb. 8, 2010) ("To be

eligible for DIB, Plaintiff must prove that the onset of disability occurred while Plaintiff was insured under 42 U.S.C. § 423(c)."). And, at least one court in this District held that, for purposes of determining whether a borderline age situation is present in a Disability Insurance Benefits case, the relevant date is the date last insured. *Kappler*, 2010 WL 503033, at *6 ("[T]here is no borderline age issue with regard to Plaintiff's DIB claim because, as noted above, the relevant date is when Plaintiff was last deemed 'insured.'").

In light of the further clarification provided by the POMS, the relevant date in this case was Plaintiff's date last insured. Plaintiff turned 55 years of age on July 6, 2018, more than six months after December 31, 2017, her date last insured. Therefore, I will grant the Commissioner's motion for reconsideration for the narrow purpose of removing language from the November 10 holding stating that the ALJ must consider whether Plaintiff's case presents a borderline age situation.

### III.   Conclusion

For the reasons set forth above, I will grant the Commissioner's motion (DE 28) for reconsideration. My earlier opinion is deemed amended in accordance with this opinion. An appropriate order follows.

Dated: March 11, 2021

/s/ Kevin McNulty

---

**Kevin McNulty**
**United States District Judge**